991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marla Halman ASHER, Plaintiff-Appellant,
v.
RISER FOODS, INC.; American Seaway Foods, Inc.; and John
Doe, Supervisor, Defendants-Appellees.
 No. 92-3357.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before GUY and BOGGS, Circuit Judges, and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the grant of defendants' motion for summary judgment on her Title VII, Pregnancy Discrimination Act, and Equal Pay Act claims. The district court found that plaintiff had failed to identify any similarly situated male employees who were treated differently or any incident of a medical leave not related to pregnancy that was handled differently. The district court therefore granted defendants' motion, finding that plaintiff had failed to make out a prima facie case on any of her claims. On appeal she argues that she has identified similarly situated males who were treated differently. We agree with the district court that the males identified were not similarly situated in that they were full-time employees while plaintiff was a part-time employee. We affirm the grant of defendants' motion for summary judgment.
 
 I.
 
 2
 Plaintiff began her employment with defendant Seaway Foods, Inc.,[1] in October 1983 as a "part-time merchandiser." The company policy provided for benefits to full-time employees but not to part-time employees. The group insurance plan provided that "[a]ll full-time employees engaged in covered employment at least thirty hours per week may become eligible for our group insurance plan." (App. 24.) It is undisputed that the company provided benefits to all employees classified as full-time. Plaintiff was aware of this policy as indicated by her repeated requests throughout her employment to be designated as a full-time employee so she could receive benefits. Plaintiff's supervisor at one point promised her she would receive the next available full-time merchandiser position. At no time during plaintiff's employment was she classified as a full-time employee.
 
 
 3
 In December 1985, plaintiff began her first maternity leave. Plaintiff alleges, and defendant does not dispute, that she worked over 30 hours per week until two months prior to her maternity leave. During those two months, plaintiff worked 28 hours per week. In March 1986, plaintiff returned to the same position she held prior to her leave. During her leave she was not paid any disability benefits. Upon her return in March 1986, plaintiff worked two 28-hour weeks, and then she "consistently and continuously worked between 32 and 40 hours per week." (App. 50.) In May 1987, plaintiff developed complications with her second pregnancy and was required to stop working. For nine weeks, plaintiff continued to receive her regular pay check, including her car allowance. Plaintiff understood these checks to be maternity leave benefits.[2] When plaintiff returned to work in February 1988, she was informed that she had erroneously received pay checks for weeks she did not work and would be required to pay back the company. She was also informed that she was being returned to the same position she held prior to her leave but in a different territory. Plaintiff did not return to work for defendant.
 
 II.
 
 4
 Plaintiff has appealed the grant of defendants' motion for summary judgment. We review de novo grants of summary judgment, making all reasonable inferences in favor of the non-moving party. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). The granting of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 In considering a motion for summary judgment, the court must view all facts and inferences in the light most favorable to the non-moving party. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526-27 (6th Cir.1991). The burden is on the moving party to show "the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action." Harris v. Adams, 873 F.2d 929, 931 (6th Cir.1989). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 A. Title VII
 
 6
 It is unlawful for an employer to discriminate against a person on the basis of his or her race, gender, or religion. 42 U.S.C. § 2000e-2(a). Plaintiff is attempting to establish a violation of Title VII under the theory of disparate treatment. " 'Disparate treatment' ... is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977). In the absence of direct evidence of discriminatory intent, the Supreme Court has established a three-step analysis:
 
 
 7
 First, the plaintiff has the burden of proving by the preponderance of evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving a prima facie case, the burden shifts to defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 8
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).
 
 
 9
 "Summary judgment is appropriate in sex discrimination cases where the plaintiff has failed to prove a prima facie case or where the evidence is insufficient to support an inference that the employer's articulated reason for the different treatment was in fact a pretext for discrimination." EEOC v. Detroit-Macomb Hosp. Corp., Nos. 91-1088, 91-1278, 1992 WL 6099, at * 5, 1992 U.S.App. LEXIS 1208, at * 5 (6th Cir. Jan. 27, 1992). The first step in any Title VII case is for the plaintiff to establish a prima facie case. As the Supreme Court indicated in Burdine, this burden is not onerous. Burdine, 450 U.S. at 253. For Asher to establish a prima facie case she must initially show that (1) she is female; (2) she and a similarly situated male employee received dissimilar treatment; and (3) sufficient evidence exists from which the court can find a causal connection between gender and the alleged acts of discrimination. Cooper v. City of North Olmsted, 795 F.2d 1265, 1270 (6th Cir.1986). Other than showing she is female, plaintiff has failed to establish a prima facie case.
 
 
 10
 Plaintiff acknowledges that Jeff Harsh was also a part-time employee and that he did not receive benefits. Plaintiff argues that the similarly situated males with whom she should be compared are the men classified as full-time employees. She argues that except for the label "part-time" she is similarly situated to those male employees and she was treated differently on the basis of her gender. We disagree. Merely because she worked more than 30 hours per week does not mean that she automatically should be considered a full-time employee. Even if she should have been classified as full-time, she has offered no proof that this failure was due to her gender.
 
 
 11
 It is undisputed that plaintiff was employed as a part-time merchandiser and that the company does not afford benefits to part-time employees, be they male or female. It is also undisputed that employees classified as full-time received benefits regardless of their gender. Plaintiff argues that because she worked over 30 hours per week she should have been classified as full-time. However, she has failed to identify any male employee classified as part-time who, because he consistently worked more than 30 hours, was reclassified as full-time. Had she done so, she would have identified a comparable male employee, similarly situated in all respects. See Stotts v. Memphis Fire Dep't, 858 F.2d 289 (6th Cir.1988).
 
 
 12
 The part-time male employee, Jeff Harsh, was promoted to a full-time position while plaintiff was on her second maternity leave. However, plaintiff failed to allege that he was promoted or reclassified simply because he worked over 30 hours. Indeed, the record does not reflect how many hours Jeff Harsh worked or why he was promoted. Therefore, the only male who was potentially similarly situated was not shown by plaintiff to be similar in all relevant respects.
 
 
 13
 Plaintiff argues that, while she had repeatedly requested to be "upgraded" to full-time status and her supervisor had promised her the next available full-time position, the company placed two males in full-time merchandiser positions by promoting Jeff Harsh and hiring Mark Ott. Plaintiff recognizes that these positions were filled while she was on her second maternity leave, a leave which lasted approximately ten months. Plaintiff has cited no law which, at the relevant time, would have required defendant to preserve plaintiff's current position, let alone a position to which she aspired. For plaintiff to succeed on a failure to promote theory, she would need to show that she was a qualified woman who sought an available position, was rejected, and that the position remained open and the employer continued to seek applications from other qualified persons. See Burdine, 450 U.S. at 253-54 n. 6. There is no indication that when plaintiff requested a promotion there were any full-time positions available.
 
 
 14
 The Pregnancy Discrimination Act of 1978 "was enacted to clarify that Title VII's proscription of gender-based employment included discrimination on the basis of pregnancy." Fleming v. Ayers & Assoc., 948 F.2d 993, 996 (6th Cir.1991). Plaintiff argues that she was assigned to a different territory upon her return from her second maternity leave and that this action was discriminatory. A woman attempting to return to work following a leave occasioned by pregnancy must be treated the same as any other employee returning from any other disability leave. See Garner v. Wal-Mart Stores, Inc., 807 F.2d 1536 (11th Cir.1987). Plaintiff has not identified any other employees who were treated differently upon their return to work following a medical leave unrelated to pregnancy. Therefore plaintiff has failed to make out a prima facie case under the Pregnancy Discrimination Act.
 
 
 15
 While we recognize that an employer may not use labels to disguise disparate treatment, plaintiff has failed to show that she did exactly the same tasks and carried the same responsibilities as a full-time employee. She essentially asks this court to assume that, because she may have been working full-time hours for several weeks or even months in a row, she was a de facto full-time employee. The full-time/part-time labels are used by almost all employers and signify more than the amount of time an employee spends on the job. We also recognize the flexibility that an employer must have to give their part-time employees more hours when business fluctuations necessitate such action. Such fluctuations may last for extended periods of time. Indeed, defendant had a policy that even when part-time employees worked additional hours they were not considered full-time "due to such temporary assignments." (App. 25.)[3] Not only does plaintiff ask us to assume that she was qualified in all respects to be classified as full-time, she asks us to assume, with no proof whatsoever, that this failure to reclassify her was based on her gender.
 
 
 16
 We note that plaintiff has only attempted to show discriminatory treatment. She has not alleged, nor has she attempted to prove, disparate impact. If plaintiff had shown, for example, that defendant employs 600 employees--300 male and 300 female--and that 280 of the males were full-time and only 20 were part-time, while the reverse were true for the females, we would have a different case. However, plaintiff has not even identified the total number of employees of the defendant, let alone the gender breakdown of part-time versus full-time employees.
 
 B. Equal Pay Act
 
 17
 Employers are allowed to establish the various wage and benefit packages to be given to different classifications of employees. Said differently, there is no universal right to benefits. The only right in this context is that when an employer establishes such packages, women are to receive equal compensation and benefits for work of equal skill, effort, and responsibility. 29 U.S.C. § 206(d)(1).
 
 
 18
 A prima facie violation of the Equal Pay Act is shown where the employer compensates female employees at a different rate or on a different basis than men doing equivalent work, requiring equal skill, effort, and responsibility, under similar working conditions. Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). This burden is satisfied only upon showing that the overall comparison of the work reveals that a substantial equality of skill, effort, responsibility, and working conditions exist. Odomes v. Nucare, Inc., 653 F.2d 246, 250 (6th Cir.1981).
 
 
 19
 Plaintiff argues that she was doing the exact same job as the men who were classified as full-time but was denied benefits because of the label "part-time." Having failed to offer any proof that her continued classification as a part-time employee was related to her gender, plaintiff cannot, for purposes of her Equal Pay Act claim, compare herself to full-time employees. Plaintiff has identified only one male employee, Jeff Harsh, who was doing work of equal skill, effort, and responsibility under the same working conditions. While Harsh was employed as a part-time merchandiser, he and plaintiff received equal compensation--neither received benefits. Having failed to make out a prima facie case, her claim under the Equal Pay Act must also fail.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 Seaway Foods, Inc., merged with defendant Riser Foods, Inc., in July 1988
 
 
 [2]
 The group insurance plan provided for short-term disability benefits for eligible employees up to a maximum of $60 per week for up to a maximum of 13 weeks during disability. Plaintiff received over $1,700 in nine weeks
 
 
 [3]
 Plaintiff recognizes this policy but claims that it should not be applied to her because she consistently worked full-time hours while the policy is directed to temporary additional hours