[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-10684
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00297-CR-2-RDP-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LA FREDERIC GARFIELD COLBERT,
a.k.a. La Fredrick Colbert,
a.k.a. Fred,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 12, 2008)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

La Frederic Garfield Colbert appeals his 135-month concurrent sentences for conspiracy to possess with the intent to distribute five kilograms or more of a mixture and substance containing cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(A)(i), and attempt to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). During sentencing, the district court attributed between 50 to 150 kilograms of cocaine to Colbert. On appeal, Colbert argues that the district court erred in calculating the drug quantity used to establish his base offense level and imposed an unreasonable sentence.

I.

We find no error in the district court's determination of drug quantity during sentencing. We review the district court's factual findings for clear error, and the court's application of the Sentencing Guidelines to a given set of facts de novo. United States v. Jackson, 276 F.3d 1231, 1233 (11th Cir. 2001). It is well-settled after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), that, so long as the district court treats the Guidelines as advisory, it may make additional fact-findings, under a preponderance-of-the-evidence standard, going beyond the facts found by the jury. United States v. Pope, 461 F.3d 1331, 1335 (11th Cir. 2006). Section 2D1.1 of the Guidelines provides that a

2

defendant's base offense level for distribution or conspiracy drug offenses is calculated by determining the quantity of illegal drugs attributable to a defendant. U.S.S.G. § 2D1.1(a)(3). Pursuant to § 2D1.1(c), a base offense level of 36 is assigned when a defendant is responsible for at least 50 kilograms and less than 150 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(2).

Colbert argues that neither the indictment nor the verdict established that he possessed 50 to 150 kilograms of cocaine beyond a reasonable doubt. However, the district court properly noted that the guidelines were advisory and made the finding of drug quantity under a preponderance-of-the-evidence standard. Colbert also asserts that the district court erred in relying on the self-serving statements of co-conspirators who testified against Colbert pursuant to a plea agreement with the government. The district court's decision to credit the testimony of co-conspirators is accorded great deference. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). Here, the court explicitly considered the credibility of the witnesses during the sentencing hearing and, nonetheless, determined that it was clear that Colbert was responsible for 50 to 150 kilograms of cocaine. Colbert has not come forward with extrinsic evidence to contradict this finding. Thus, we find no error.

II.

Colbert's sentence was reasonable. Post-Booker, we review sentences for reasonableness. See United States v. Ciszkowski, 492 F.3d 1264, 1269-70 (11th Cir. 2007). Recently, the Supreme Court clarified that courts of appeal, when reviewing for reasonableness, are to apply the deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." Id. at ___, 128 S. Ct. at 597. If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

Review for substantive reasonableness under the abuse-of-discretion standard involves inquiring whether the factors in § 3553(a) support the sentence in question. Id. at ___, 128 S. Ct. at 596, 600. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in [§] 3553(a)." United States v.

4

Talley, 431 F.3d 784, 788 (11th Cir. 2005). The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. Id. at 786. Likewise, a district court is not required to "explicitly articulate that it ha[s] considered the § 3553(a) factors." United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). A lengthy discussion is not required in the typical case, so long as the district court "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. ___, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes by the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to

5

victims. 18 U.S.C. § 3553(a)(1)-(7). We have rejected the notion that a sentence within the Guidelines is per se reasonable. Talley, 431 F.3d at 787. Even so, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. at 788.

Colbert alleges that the district court failed to give equal weight to the 18 U.S.C. § 3553(a) factors in determining his sentences. However, the weight accorded to the § 3553(a) factors is within the district court's discretion. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). Colbert also asserts that his sentences were greater than necessary to achieve the goals of sentencing and maintains that his participation in the conspiracy was minimal. Further, he notes that his co-conspirators received substantially lower sentences than himself, including the head of the conspiracy, Karlos Mays.

Upon review of the record and consideration of the parties' briefs, we discern no error. Colbert's sentences were procedurally reasonable because the district court properly calculated the guideline range and considered the parties' arguments and the § 3553(a) factors. Colbert also failed to establish that his sentences, which were at the low end of the guidelines range and well below the statutory maximums for the offenses, were substantively unreasonable. Although

the court acknowledged that Colbert was principally a drug courier and found his conduct, while substantial criminal activity, to be less culpable than the conduct of several of his co-conspirators, the court also noted that several of Colbert's co-conspirators received downward departures for providing cooperation and substantial assistance to the government. The court expressly chose a sentence at the low end of the guidelines range to avoid unwarranted sentencing disparities. Thus, the district court did not abuse its discretion.

Accordingly, we affirm.

**AFFIRMED.**