**Mayra L. LABIOSA–HERRERA,**
**Plaintiff,**

**v.**

**PUERTO RICO TELEPHONE**
**COMPANY, Defendant.**

**Civil No. 11–1651 (FAB)**

United States District Court,
D. Puerto Rico.

Signed January 5, 2016

Manuel Duran–Rodriguez, Manuel Duran Law Office, San Juan, PR, for Plaintiff.

Alicia Figueroa–Llinas, Fiddler Gonzalez & Rodriguez, P.S.C, San Juan, PR, for Defendant.

## OPINION & ORDER

BESOSA, District Judge

Plaintiff Mayra L. Labiosa–Herrera ("Labiosa") brought suit against her employer Puerto Rico Telephone Company ("PRTC"), alleging that PRTC violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq*, and Puerto Rico Laws 100 and 115. (Docket No. 27.) Plaintiff roots her age discrimination claims in defendant PRTC's act of transferring her to a different department, failing to assign her appropriate tasks, creating a hostile work environment, and temporarily suspending her in retaliation for filing age discrimination claims. *Id.* Before the Court is defendant PRTC's unopposed motion for summary judgment, (Docket No. 33), and PRTC's statement of uncontested material facts, (Docket No. 33–1). After considering defendant PRTC's arguments, the Court **GRANTS** PRTC's motion for summary judgment.

## I. BACKGROUND

### A. Procedural Background

On October 26, 2010, plaintiff Labiosa filed an age discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that she "ha[d] been assigned tasks that [she could] not perform and [had been transferred] to a position [for which she was] not qualified" in an attempt to force her to resign. (Docket No. 57–9 at p. 7.) On April 20, 2011, the EEOC issued a Right to Sue letter. (Docket No. 27 at ¶ 5(c).)

In July 2011, she filed a complaint with the Court which included an age discrimination claim based on a departmental transfer and subsequent lack of reclassification of work and a hostile work environment claim. (Docket No. 1.) On November 15, 2011, Labiosa filed an amended complaint providing additional details to support her existing claims. (Docket No. 14 at ¶¶ 15–21.)

On December 13, 2011, she moved to dismiss the age discrimination claims related to the 2008 departmental transfer voluntarily, but sought to continue to litigate the hostile work environment claim and the age discrimination claim regarding her lack of reclassification. (Docket No. 20.) The court granted plaintiff's motion and dismissed the age discrimination claims based on the 2008 departmental transfer. (Docket No. 21.)

On June 6, 2012, Labiosa filed a second amended complaint in which she removed

information about her hostile work environment claim and her emotional condition caused by PRTC's allegations that she had falsified payroll documents. *Compare* Docket No. 14 at ¶¶ 15–21, *with* Docket No. 27 at ¶¶ 15–21. She also introduced a retaliation claim based on her March 2012 suspension. (Docket No. 27 at ¶ 21.) Defendant PRTC answered the second amended complaint on June 19, 2012, (Docket No. 28), and moved for summary judgment on September 19, 2012, (Docket No. 33).

Due to the parties indication that they had reached an agreement to settle, (Docket No. 38), the Court dismissed the case on October 24, 2012, (Docket No. 42). The case was reopened on November 20, 2012, (Docket No. 53), however, following a motion by Labiosa, (Docket No. 44). She then filed an untimely response to defendant PRTC's motion for summary judgment, (Docket No. 51), which the court struck from the record, (Docket No. 63). As a result, the Court now evaluates defendant's unopposed motion for summary judgment, (Docket No. 33).

### B. Factual Background

Because plaintiff Labiosa failed to oppose PRTC's motion for summary judgment timely, the Court accepts as true all of defendant PRTC's properly supported, uncontested facts.[1] *See Fontañez–Nuñez v. Janssen Ortho LLC,* 447 F.3d 50, 52–53 (1st Cir.2006); Local Civil Rule 56(e).

### 1. Departmental Transfer & Lack of Reassignment

On September 4, 1996, plaintiff Labiosa began working for PRTC, an employer of more than fifteen employees. (Docket Nos. 57–7 at p. 10, 27 at ¶ 9.) In April 2005,

Labiosa was transferred from the Drug Use Prevention and Control Department to the Occupational Health and Security Department, where she worked as an inspector. (Docket No. 57–1 at ¶ 8.)

As part of an internal reorganization in 2008, plaintiff Labiosa, the inspector with the least seniority in her position, was transferred to the position of Officer of Project Management In–Training. (Docket Nos. 57–1 at ¶¶ 10–12, 57–7.) Her pay and benefits were unaffected by this transfer. (Docket Nos. 57–2 at p. 67; 57–16 at p. 5.) At the time of the transfer, PRTC employed five inspectors in the Occupational Health and Security Department. (Docket Nos. 57–1 at ¶ 11, 57–7.) One of the inspectors was older than plaintiff Labiosa, one was the same age, and two were younger, but all were over forty years of age. (Docket No. 57–7.) Plaintiff Labiosa's inspector position was eliminated and her duties reassigned to the remaining four inspectors in the Occupational Health and Security Department. (Docket No. 57–2 at pp. 52–53.) Other employees were affected by this reorganization, including employees under forty years of age. *Id.* at pp. 50–51; Docket No. 57–15. Plaintiff speculates that her transfer, and the overall reorganization, were caused by PRTC's loss in a legal suit. (Docket No. 57–2 at pp. 49–50.)

Plaintiff Labiosa felt that she was unqualified and unable to perform tasks assigned to her in her new position as an Officer of Project Management In–Training. (Docket No. 57–2 at p. 66.) In this new position, she received over seventy-two hours of formal training. (Docket No. 33–14.) She received a good performance evaluation in March 2009 and performed

---

1. "[The Court] view[s] other facts gleaned from the record in the light most favorable to [the nonmoving party], unless they are incon-

sistent with the uncontested facts stated by [the moving party]." *Fontañez–Nuñez,* 447 F.3d at 54.

all duties assigned, some of which did not fully utilize her skills. (Docket Nos. 57–10; 57–2 at pp. 90–91.)

Labiosa requested additional duties within her new department because she felt she was underutilized. (Docket No. 57–2 at p. 108.) Despite being dissatisfied with her new position, Labiosa never formally requested a transfer through PRTC's official transfer process. (Docket No. 57–2 at p. 35.)

## 2. Hostile Work Environment

In 2009, plaintiff Labiosa filed an internal complaint with PRTC alleging that her then-supervisor, Jaime Sierra ("Sierra"), had committed work-related ethical violations. (Docket No. 57–2 at pp. 105–06.) Following this complaint, Sierra decreased the amount of time he spent with Labiosa and provided her less instruction on tasks. *Id.* Sierra also made at least one age-related comment regarding Labiosa's verbal requests to transfer, stating "stay calm, you are an elderly lady and they are going to put you to run around, so that [*sic*] it is better if you stay calm and continue earning your salary." (Docket No. 57–2 at p. 89.)

Additionally, plaintiff Labiosa reports four to five age-related comments were made by PRTC's contractors between 2009–2012.[2] (Docket No. 57–2 at pp. 95–102.) One comment was by a contractor named Rosa who stated that "the old lady is complaining again...." *Id.* at p. 100.

Finally, plaintiff Labiosa claims that in January 2012, she heard her new supervisor, Juan Espinoza ("Espinoza"), call her a "stupid old lady." (Docket No. 57–2 at p. 91.) Aside from this comment, Labiosa and Espinoza had a respectful, profession-

al relationship. (Docket No. 57–3 at p. 119.)

## 3. Unpaid Suspension

Also in January 2012, PRTC opened an investigation into plaintiff Labiosa's attendance on January 12–13, 2012. (Docket No. 57–23.) On January 16, Labiosa reported experiencing errors when attempting to "punch" her timecard when departing from work on Thursday, January 12 and when entering work on Friday, January 13. (Docket No. 57–19; 57–3 at pp. 164–67.) On January 17, Espinoza asked Juan Ruiz–Garcia ("Ruiz"), PRTC's Payroll Manager, if the timecard system had experienced any defect on January 12 or 13. (Docket Nos. 57–23; 57–18 at p. 2.) Ruiz replied that the timecard system registers all attempts to "punch" the card even if no actual "punch" is completed. (Docket Nos. 57–24; 57–18 at p. 2.) Ruiz stated that the timecard system showed that plaintiff Labiosa attempted to punch her timecard on Thursday but did not attempt to punch her timecard on Friday. (Docket No. 57–18 at p. 2.) Sierra then requested that plaintiff Labiosa report the hours that she had worked on Friday, January 13. (Docket Nos. 57–20; 57–18 at pp. 1–2.) In two text messages, plaintiff Labiosa reported working from 7:50 a.m.–5:00 p.m. (Docket Nos. 57–21; 33–26; 57–18 at pp. 1–2.)

Upon reviewing the timecard system data, security camera footage for the entrances and parking areas, and employee computer access, defendant PRTC concluded that plaintiff Labiosa had not been present or performed work at the PRTC office on January 13. (Docket Nos. 57–24; 57–18 at p. 2.) Plaintiff Labiosa explained that she worked with a supplier located on

---

**2.** No comments were made in 2010 because Labiosa was working outside of the company.

(Docket No. 57–2 at p. 99.)

highway number 2 in Bayamon, evaluating chairs from 8:00 a.m.–1:00 p.m., and visited several other providers that day. (Docket No. 57–3 at pp. 143–46.) Espinoza requested evidence of these appointments, but Plaintiff Labiosa did not provide any supporting document or corroborating testimony. (Docket Nos. 57–28; 57–3 at pp. 187–88.)

In response to a second request for this information on March 6, 2012, plaintiff Labiosa referred to Espinoza as a "güey".[3] (Docket No. 33–33.) Defendant PRTC suspended plaintiff Labiosa on March 13, 2012 for insubordination to a supervisor, failure to properly record "start and quit times to work," and falsification of payroll documents. (Docket Nos. 57–18 at pp. 3–4; 57–3 at pp. 143–46.)

## II. DISCUSSION

### A. Summary Judgment Standard

Viewing the facts in the light most favorable to the nonmoving party, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Friends of Merrymeeting Bay v. Hydro Kennebec, LLC,* 759 F.3d 30, 34 (1st Cir.2014). The purpose of summary judgment review is "to pierce the pleadings" by determining if the material presented during discovery has resolved all disputes raised in the pleadings or if a genuine issue of material fact remains and requires a trial. *Hodgens v. Gen. Dynamics Corp.,* 144 F.3d 151, 158 (1st Cir.1998).

▆▆▆▆ "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as un-

contested all evidence presented with that motion." *Perez–Cordero v. Wal–Mart P.R.,* 440 F.3d 531, 533–34 (1st Cir.2006) (quoting *NEPSK, Inc. v. Houlton,* 283 F.3d 1, 7–8 (1st Cir.2002)); *see also De La Vega v. San Juan Star, Inc.,* 377 F.3d 111, 116 (1st Cir.2004) (stating that the opposing party's failure to file a reply to the motion for summary judgment as required by Rule 56, "waives the [party's] right to controvert the facts asserted by the moving party"). If the facts established in the unopposed summary judgment motion and supporting documents "entitle the moving party to judgment as a matter of law, summary judgment will be granted." *De La Vega,* 377 F.3d at 116. "While an unopposed summary judgment motion still must be scrutinized in accordance with Fed.R.Civ.P. 56, ... [i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Perez–Cordero,* 440 F.3d at 534.

### B. Voluntary Dismissal With Prejudice & Claim Preclusion

The Court granted plaintiff Labiosa's motion to dismiss her age discrimination claims with prejudice based on her transfer to the position of Manager of In-Training Projects. (Docket Nos. 20 & 21.) Despite this dismissal, plaintiff Labiosa included facts regarding her transfer in her second amended complaint. (Docket No. 27 at ¶¶ 15–17.)

▆▆▆▆ Pursuant to federal law, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Coors Brewing Co. v. Méndez–Torres,* 562 F.3d 3, 8 (1st Cir.2009) (*abrogated on other grounds by Levin v. Commerce Energy, Inc.,* 560 U.S. 413, 130 S.Ct. 2323, 176 L.Ed.2d 1131

---

**3.** "Güey" is a Mexican slang term meaning "silly person." (Docket No. 57–30 at p. 2.)

(2010). Pursuant to federal law, a claim is precluded when there has been a final judgment on the merits, the parties in the two proceedings are sufficiently identical, and the claim in the two proceedings is sufficiently identical. *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir.1998). By granting a plaintiff's request for a claim to be voluntarily dismissed with prejudice, a court enters a "final judgment that satisfies the *res judicata* criterion." *Id.*

▮ Here, the Court entered a final judgment on the merits by granting plaintiff Labiosa's request for voluntary dismissal with prejudice of her transfer-related discrimination claim. (Docket Nos. 20 & 21.) Plaintiff Labiosa's transfer-related discrimination claim in her second amended complaint is sufficiently identical to her dismissed claim because both refer to the same transfer, the language of the claims is nearly identical, and no new information is introduced in the second amended complaint regarding the transfer. *Compare* Docket No. 14 at ¶¶ 15–17, *with* Docket No. 27 at ¶¶ 15–17. Finally, plaintiff Labiosa and PRTC are the parties in both claims, and thus, satisfy the final requirement for claim preclusion. *See* Docket Nos. 14, 27. *Res judicata* therefore precludes plaintiff Labiosa from reasserting her transfer-related discrimination claim.

### C. Exhaustion & Timeliness

Federal civil actions for discrimination may not be commenced without first exhausting administrative remedies, such as the requirement to file a charge with the EEOC within 300 days of the alleged unlawful practice. *Am. Airlines, Inc. v. Cardoza–Rodriguez*, 133 F.3d 111, 122 (1998); *see* 29 U.S.C. § 626(d) ("In 'deferral states' ... such as Puerto Rico, employees must file charges of unlawful age discrimination in employment with the EEOC within 300 days 'after the alleged unlawful practice occurred.'"). Plaintiff Labiosa complied with this requirement by filing a complaint with the EEOC on October 26, 2010, but she did not include all relevant claims in that complaint, nor did she refile as additional claims arose. *See* Docket no. 57-9.

▮ "The fact that a complainant has filed an EEOC complaint does not open the courthouse door to all claims of discrimination." *Velazquez–Ortiz v. Vilsack*, 657 F.3d 64, 71 (1st Cir.2011). A formal complaint must be filed with the EEOC before a complaint may be presented to a court in a civil action for discrimination. *Morales–Vallellanes v. Potter*, 339 F.3d 9, 18 (1st Cir.2003). The language of the EEOC complaint and the civil complaint need not be identical, *Thornton v. United Parcel Service, Inc.*, 587 F.3d 27, 32 (1st Cir.2009), but must "bear some close relation" to each other and put the defendant on notice of claims that may arise in the civil action. *Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir.2005); *see also Powers v. Grinnell Corp.*, 915 F.2d 34, 38 (1st Cir.1990) ("The scope of the civil complaint is accordingly limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge."). "[T]he factual statement in [the] written charge should have alerted the [defendant] to [the] alternative basis of discrimination" that the plaintiff raises for the first time in court. *Thornton*, 587 F.3d at 32 (quoting *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 233 (1st Cir.2001)).

Plaintiff Labiosa's EEOC Complaint stated:

> I work [*sic*] with party defendant since the year 1996. I am 57 years old. I am being discriminated by my age in the [*sic*] employment. I have been assigned tasks that I cannot perform and to a position to which I don't qualify [*sic*], all this intentionally to force me to

resign due to my age. I am being discriminated due to my age[.] I request my reinstatement to my old position, salaries I have ceased to earn, [and] torts, as well as any other remedy which [*sic*] I may deserve.

(Docket No. 57–9 at p. 7.)

■ Plaintiff Labiosa's EEOC complaint refers to her 2008 transfer and the failure to reassign tasks to her, both of which form the basis of her age discrimination charge. *Id.*; Docket No. 27 at ¶¶ 15–18. Her EEOC complaint does not, however, mention facts relating to her hostile work environment or retaliation claims.

Plaintiff Labiosa could have included facts pertaining to her hostile work environment claim in her EEOC complaint because some of the events occurred before she filed her complaint on October 26, 2010. (Docket No. 57–2 at pp. 89, 105–06.) The age-related comment by Sierra was made in 2009, as were some comments by PRTC contractors. *Id.* at pp. 89, 95–102. Because plaintiff Labiosa did not mention the 2009 comments by Sierra and the PRTC contractors in her EEOC complaint, she failed to put defendant PRTC on notice of the alternative basis for discrimination, namely hostile work environment, that she raised for the first time in her civil complaint. *See Thornton,* 587 F.3d at 32; *Velazquez–Ortiz,* 657 F.3d at 71–72 (dismissing claims for failure to exhaust administrative remedies when plaintiff referenced time-barred claims and failed to clarify multiple bases for EEOC complaint); *Velazquez–Rivera v. Danzig,* 234

F.3d 790, 794–95 (1st Cir.2000) (dismissing claims for failure to exhaust administrative remedies when plaintiff failed to include facts relating to his age discrimination and retaliation claims in his EEOC complaint).

■ Additionally, plaintiff Labiosa failed to file a second EEOC complaint for the actions occurring after October 2010. *Velazquez–Ortiz,* 657 F.3d at 72 (finding that plaintiff had properly exhausted administrative remedies regarding her retaliation claim by filing a second EEOC complaint based on events that occurred after the filing of plaintiff's first EEOC complaint). Regarding the hostile work environment claim, Espinoza's comment was made in 2012 and some of the PRTC contractors' comments were made in 2011 and 2012. (Docket No. 57–2 at pp. 91, 95.) Regarding the retaliation claim, the suspension did not occur until March 2012. (Docket No. 57–18 at pp. 3–4.) Thus, these comments and the suspension could not have been included in plaintiff Labiosa's 2010 EEOC complaint because they had not yet occurred.[4] Therefore, plaintiff Labiosa has not exhausted administrative remedies for her hostile work environment and retaliation claims.

Accordingly, defendant PRTC's motion for summary judgment is **GRANTED** as to the hostile work environment and retaliation claims because plaintiff Labiosa's failed to exhaust administrative remedies for these claims. Plaintiff Labiosa's hostile work environment and retaliation claims are **DISMISSED WITH PREJUDICE.**[5]

---

**4.** . The Court does not analyze the facts pursuant to the "continuing violations" doctrine because neither party asserted this argument and the continuing violations doctrine "excuse[s] only an untimely filing, not the failure to exhaust an administrative requirement." *Velazquez–Rivera,* 234 F.3d at 794; *see Rojas v. Principi,* 326 F.Supp.2d 267, 275–76

(D.P.R.2004) (Acosta, J.) (measuring the EEOC deadline from the date of the last discrete act); *see also Davila–Feliciano v. P.R. State Ins. Fund Corp.,* 754 F.Supp.2d 351, 365 (D.P.R.2010) (Besosa, J.) (stating that failure to reclassify is a discrete act).

**5.** If plaintiff could file a new complaint within the 300 day statutory time frame, she could

## D. The ADEA Failure to Reclassify Claim

Plaintiff Labiosa posits an age discrimination claim based on a "failure to reclassify" theory, alleging that after transferring her to a position that she lacked the engineering and linguistic skills to hold, defendant PRTC failed to reassign adequate tasks to her. (Docket Nos. 27 at ¶¶ 15–19; 20 at ¶ 2.) Since she was unable to perform all tasks required of her new position as Officer of Project Management In–Training, she was assigned clerical tasks. (Docket No. 57–2 at pp. 78–80.) This led plaintiff Labiosa repeatedly to request tasks that met her skill level and the job description of an Officer of Project Management In–Training. *Id.* at p. 108.

Typical "failure to reclassify" claims involve an employee who is hired and tasked at a specific pay grade, is assigned higher-skilled tasks, and then petitions the employer to raise her pay and grade to match her new performance level. *See, e.g., Russell v. Ohio, Dept. of Admin. Servs.,* 302 Fed.Appx. 386, 387–93 (6th Cir.2008); *Baltazor v. Holmes,* 162 F.3d 368, 370–72, 374–76 (5th Cir.1998); *Nellis v. Brown County,* 722 F.2d 853, 854–57 (7th Cir. 1983). Plaintiff Labiosa's claim differs from a typical "failure to reclassify" claim in that she did not seek to have her position and pay reevaluated to match her new tasks, but instead sought to have her tasks reevaluated to match her position and skill level. Thus, she was not seeking a reclassification of her position, but rather a reassignment of tasks. The Court analyzes plaintiff's unique claims pursuant to the standard age discrimination framework with attention to this distinction.

Pursuant to ADEA, employers are prohibited from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, ... [and from] classify[ing] his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623(a)(1)-(2). A violation of ADEA occurs when the plaintiff's age is a determinative or motivating factor in the employer's decision-making process. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Absent direct evidence of discrimination, plaintiffs may prove an age discrimination case pursuant to the *McDonnell Douglas* burden-shifting framework. *Dominguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 430 (1st Cir.2000). First, a *prima facie* age discrimination claim pursuant to ADEA creates a rebuttal presumption of discrimination if the plaintiff can prove that "(1) [she] was at least forty years of age, (2) [she] met the employer's legitimate job performance expectations, (3) [she] experienced adverse employment action, and ... (4) [she can] demonstrate either that the employer did not treat age neutrally or that younger persons were retained in the same position." *Hidalgo v. Overseas Condado Ins. Agencies,* 120 F.3d 328, 332–33 (1st Cir.1997) (internal quotations marks and citations omitted). Plaintiff can satisfy the fourth prong of the *prima facie* case by showing that she "was treated differently from similarly situated employees outside the protected class. *Martin v. Toledo Cardiology Consultants,*

remedy the exhaustion problem. *See Lebron–Rios v. U.S. Marshal Serv.,* 341 F.3d 7, 14–15 (1st Cir.2003). The 300–day period for the suspension and Espinoza's comment, however-

er, expired in January 2013. Therefore, it is proper to dismiss plaintiff Labiosa's claims with prejudice.

*Inc.*, 548 F.3d 405, 410 (6th Cir.2008); *see also Costa Del Moral v. Servicios Legales de P.R.*, 63 F.Supp.2d 165, 168–69 (D.P.R. 1999) (Casellas, J.) (discussing treatment of similarly situated applicants in analyzing whether age was treated neutrally).

Next, to overcome the rebuttable presumption that age discrimination occurred, an employer must produce a legitimate nondiscriminatory reason for the employment action.[6] *Hoffman v. Applicators Sales & Servs., Inc.*, 439 F.3d 9, 69–70 (1st Cir.2006). Finally, the plaintiff may prove that the employer's legitimate nondiscriminatory reason was pretext and that age was the true motivating factor for the adverse employment action. *Fite v. Digital Equip. Corp.*, 232 F.3d 3, 6 (1st Cir.2000).

Here, plaintiff Labiosa meets her burden on the first three criteria for a *prima facie* age discrimination case. First, she was over age forty at the time of her transfer and all subsequent events related to the failure to reclassify her work. *See* Docket No. 57–7 at p. 9.; 29 U.S.C. § 631(a). Second, she proved that she was qualified and met her employer's job-performance expectations, receiving a positive evaluation as an Officer of Project Management In–Training in 2009. (Docket No. 57–12.) Plaintiff Labiosa also established that she was qualified to perform tasks beyond the clerical level by holding a master's degree and performing non-clerical tasks in her previous position as an inspector. (Docket No. 57–2 at pp. 41,

91.) Third, despite plaintiff Labiosa being qualified to perform additional tasks and repeatedly requesting to be assigned advanced tasks, defendant PRTC did not assign her non-clerical work in 2008 or 2009. (Docket Nos. 57–10; 57–2 at pp. 78–81, 108.) Thus, PRTC committed an adverse employment action by depriving plaintiff Labiosa of employment opportunities. *See* 29 U.S.C. § 623(a)(2).

Plaintiff Labiosa does not meet her burden on the fourth prong, however, because she has not presented sufficient evidence to establish that defendant PRTC failed to treat age neutrally by giving advanced tasks to similarly situated employees outside of the protected class. In *Marcano*, the plaintiff failed to show that similarly situated employees without a disability were treated differently because all employees in the clerk position were reclassified at the same time. *Marcano–Rivera v. Pueblo Int'l, Inc.*, 232 F.3d 245, 252 (1st Cir.2000). Even when a plaintiff identifies specific individuals outside of the protected class who were reclassified, hired, or promoted before the plaintiff, courts require that "the employee with whom the plaintiff seeks to compare himself or herself must be similar in all of the *relevant* aspects" in order to be considered similarly situated. *Russell*, 302 Fed.Appx. at 391–92 (quoting *Ercegovich v. Goodyear*, 154 F.3d 344, 352 (6th Cir.1998)) (finding that plaintiff and identified employee were not similarly situated because they performed "distinctly different"

---

**6.** Defendant PRTC has produced a legitimate nondiscriminatory reason for transferring plaintiff Labiosa and for refraining from reclassifying her Officer of Project Management In–Training duties thereafter: the company underwent an internal reorganization in 2008 in which at least three employees were relocated and at least two positions were eliminated. (Docket Nos. 57–1 at p. 3; 57–15 at p. 1.)

Defendant PRTC has also produced a legitimate nondiscriminatory reason for suspending plaintiff Labiosa: her insubordination to her supervisor by calling him "güey" and her falsification of timecard documents for January 13, 2012. *See* Docket No. 57–18 ; *Colon v. Mills*, 646 F.Supp.2d 224, 224, 237–38 (D.P.R.2009) (Acosta, J.) (finding employees inappropriate behavior during company meeting to be a legitimate non-discriminatory reason for two-day suspension).

duties); *see also Asher v. Riser Foods, Inc.*, No. 92–3357, 1993 WL 94305, *4 (6th Cir. Mar. 30, 1993) (stating that although employees performed the same job, part-time and full-time employees are not similarly situated); *cf. Heard*, 2003 WL 21960726, at *1, *7 (finding that plaintiff fulfilled his burden to prove other similarly situated employees were reclassified by showing that employees with identical job titles and management recommendations were reclassified before him).

Here, the record shows that at least two additional employees held the position of Officer of Project Management In–Training, plaintiff Labiosa's position, and were under age forty years of age in 2008 and 2009: Norma V. Velazquez–Estades, age 31–32, and Hector H. Colon–Morales, age 36–37. (Docket No. 57–15 at pp. 2–5). Although plaintiff Labiosa's 2009 evaluation report detailed some of her assigned duties, no evidence in the record indicates that all Officers of Project Management In–Training have the same duties. *See* Docket No. 57–10; *Russell*, 302 Fed.Appx. at 391–92 (requiring similarity of duties for employees to be similarly situated). Furthermore, no evidence in the record indicates that the other employees holding the Officer of Project Management In–Training title were not given low-level tasks, which is the adverse employment action that plaintiff Labiosa alleges. Accordingly, the uncontested evidence fails to establish that other employees were similarly situated. Absent unequal treatment of similarly situated employees, plaintiff Labiosa is unable to establish a *prima facie* case to satisfy the first step of the *McDonnell Douglas* burden-shifting framework. Consequently, plaintiff Labiosa's age discrimination claim is **DISMISSED WITH PREJUDICE.**

### E. Puerto Rico Law Claims

██ Plaintiff Labiosa's age discrimination and retaliation claims pursuant to Puerto Rico Laws 100 and 115 are before this Court on supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Docket No. 27 at p. 2.) "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will trigger the dismissal without prejudice of any supplemental state-law claims." *Gonzalez–De–Blasini v. Family Dept.*, 377 F.3d 81, 89 (1st Cir.2004) (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995)) (noting that unadjudicated state law claims may be brought before the Commonwealth courts despite federal district court's dismissal of federal claims). Pursuant to 28 U.S.C. § 1367(c)(3), due to the Court's dismissal of plaintiff Labiosa's federal law ADEA claims, supplemental jurisdiction over the Puerto Rico law claims is no longer proper. Accordingly, plaintiff Labiosa's age discrimination and retaliation claims pursuant to Puerto Rico Laws 100 and 115 are **DISMISSED WITHOUT PREJUDICE.**

### III. CONCLUSION

For the reasons expressed above, the Court **GRANTS** defendant PRTC's motion for summary judgment, (Docket No. 33). Plaintiff Labiosa's ADEA claims are **DISMISSED WITH PREJUDICE.** Plaintiff's Puerto Rico law claims are **DISMISSED WITHOUT PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**